IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 1:25cr106-HSO-RPM

JOSEFINA GABRIEL-LOPEZ and
JENNIFER GARCIA

## MOTION IN LIMINE REGARDING JURY NULLIFICATION

The United States of America ("Government"), by and through the undersigned Assistant United States Attorneys, respectfully moves the Court to preclude the Defendants or their counsel from inviting jury nullification.

### Procedural Background

The Government understands that the deadline for filing non dispositive motions has passed.   However, after the September 3, 2025, hearings in this case, counsel for the Defendants raised the potential for jury nullification with counsel for the Government.   Based upon that conversation, the Government is moving to preclude the defense from arguing or inviting jury nullification in this case.

### Argument

While a jury does have the power to nullify the Government's case, "Jury nullification is not a right belonging to the defendant." *United States v. Thompson*, 253 F.3d 700, at *16 (5th Cir. 2001) (unpublished table opinion).[1] "The Fifth Circuit Court of Appeal has 'categorically rejected the idea that jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent it." *United States v. Melton*, 2008 U.S. Dist. LEXIS 120651, *5-

---

[1] Because *Thompson* is an unpublished table opinion, which can be hard to locate, the Government has attached a copy of the opinion as an exhibit to this motion for the Court and counsel's ease of reference.

6 (S.D. Miss. 2008) (internal punctuation, citation, and quotations ommitted).    In fact, the Court should refuse to allow a defendant to attempt "to serenade a jury with the siren song of nullification." *Thompson*, 253 F.3d at *16.

Here, the Government is concerned that the Defendants may attempt to use (1) the victims views as to whether the offenses should be treated as felonies versus misdemeanors,[2] (2) pretrial discussions with the U.S. Attorney's Office, including statements made by the U.S. Attorney's office during proceedings before the Magistrate Judge, (3) the nature of the defendants' mother-daughter relationship, (4) the fact that one of the defendants may be subject to deportation upon conviction, (5) the general law abiding nature of the defendants, (6) other potential penalties that the defendants may face, and (7) general societal views of immigration enforcement to invite jury nullification.    The Government submits that the Defendants should not be allowed to offer evidence that is not relevant to the offenses with which they have been charged.    *See* Fed. R. Evid. 401-403.    Additionally, counsel for the Defendants should not be permitted to ask questions or make legal arguments that imply that the jury should engage in jury nullification or otherwise invite nullification.

<div style="margin-left: 50%;">

Respectfully submitted,

PATRICK A. LEMON
*Acting United States Attorney*

By:    *Jonathan D. Buckner*
Jonathan D. Buckner
*Assistant United States Attorney*
MS Bar # 104146
1575 20th Avenue
Gulfport, MS 39501
Jonathan.Buckner@usdoj.gov

</div>

---

[2] It is the Government's understanding that counsel for the Defendant has been made aware that the two law enforcement victims do not wish for the Defendants to obtain felony convictions for their assaultive conduct. While that information may be relevant for the purposes of mitigation of sentencing.   It is not relevant evidence as to whether they committed a felony versus misdemeanor offense.