**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

**SEP 11 2025**

ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL NO. 1:25-cr-00106-HSO-RPM

JOSEFINA GABRIEL-LOPEZ and
JENNIFER GARCIA                                    **DEFENDANTS**

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION IN LIMINE REGARDING JURY NULLIFICATION**

---

**INTRODUCTION**

The Government seeks to bar the Defendants from presenting relevant, admissible evidence about their character, background, and circumstances, labeling it as impermissible 'jury nullification. While it is true that courts will not allow arguments that explicitly urge jurors to disregard the law, the Government's motion is overly broad. It would preclude evidence directly relevant to credibility, peacefulness, and intent — matters central to the assault charges in this case.

Further, the Government's motion misstates prior discussions with the U.S. Attorney's Office. In June 2025, undersigned counsel met with then- AUSA Harris and the alleged victims. While the alleged victims indicated a begrudging willingness to resolve the case as misdemeanors, they did not convey this as their affirmative wish. AUSA Harris extended a misdemeanor plea offer to Defendant Garcia. After defense counsel submitted a memorandum of

character evidence and community support, with the request to consider dismissing the case or handling it in a way that would not result in any type of conviction, the Government abruptly escalated with felony indictments – without warning or discussion. These facts underscore why the jury should hear evidence of Defendants' credibility, peacefulness, and honesty.

## LEGAL FRAMEWORK

### A. Jury Nullification Doctrine

Supreme Court precedent recognizes jurors have the de facto power to nullify, but defendants have no right to a nullification instruction. See *Sparf v. United States*, 156 U.S. 51, 64–65 (1895); *United States v. Dougherty*, 473 F.2d 1113, 1130–31 (D.C. Cir. 1972). The Fifth Circuit in United States v. Thompson, 253 F.3d 700 (5th Cir. 2001) (unpublished), and district courts like *United States v. Melton*, 2008 WL 5395979 (S.D. Miss. 2008), have held that courts may preclude explicit nullification arguments. But these cases do not authorize excluding otherwise admissible defense evidence.

### B. Right to Present a Defense

The Constitution guarantees a defendant's right to present a defense. See *Washington v. Texas*, 388 U.S. 14, 19 (1967); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *Holmes v. South Carolina*, 547 U.S. 319, 324–26 (2006). The Fifth Circuit likewise recognizes that excluding defense evidence may violate due process where it significantly undermines the defense. See *United States v. Bishop*, 264 F.3d 535, 546 (5th Cir. 2001).

### C. Admissibility of Character Evidence

Defendants may introduce evidence of pertinent character traits, including peacefulness, honesty, and credibility. See *Michelson v. United States*, 335 U.S. 469, 476 (1948); *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981); *United States v. Pruitt*, 464 F.2d 494, 496 (5th Cir. 1972). Federal Rules of Evidence 404(a)(2)(A) and 405 permit such proof.

## ARGUMENT

### I. The Government's Motion Overreaches

The Government's motion seeks to bar entire categories of evidence on the basis that they might inspire sympathy. The proper safeguard is a limiting instruction, not blanket exclusion. See **United States v. Sepulveda**, 15 F.3d 1161, 1190 (1st Cir. 1993).

### II. Addressing the Government's Enumerated Concerns

1. Victims' views: Defense will not present plea negotiations, but statements made by alleged victims during or around the time of arrest, as well as comments made during plea negotiations, may be relevant for credibility and impeachment if inconsistent with trial testimony.

2. Pretrial discussions: Defense will not present negotiation communications but reserves the right to present statements by government agents or victims where independently relevant.

3. Mother–daughter relationship: Admissible as relevant to credibility, community reputation, and peacefulness and general nature of the case.

4. Potential deportation: Defense will not argue punishment consequences. However, family ties and long-term residence may be relevant to credibility and character.

5. Law-abiding nature: Permissible under Rule 404(a)(2)(A). See Hewitt.

6. Other potential penalties: Defense will not argue sentencing, acknowledging punishment is the Court's province. See *Shannon v. United States*, 512 U.S. 573, 579 (1994).

7. Societal views of immigration enforcement: Defense will not argue broad policy but will present evidence of Defendants' specific backgrounds and community contributions, which bear directly on credibility and intent.

### III. Clarification Regarding AUSA Harris and Victim Meetings

The Government's motion misstates prior discussions. At no time did victims affirmatively 'wish' for a misdemeanor resolution. They expressed only a begrudging willingness. AUSA Harris extended a misdemeanor plea offer to Garcia. Defense's later memorandum of character support was not a rejection but an effort to support resolution. The current AUSAs' misunderstanding underscores why the Court should reject the Government's mischaracterization of these events as 'jury nullification.

### CONCLUSION

For the foregoing reasons, the Court should deny the Government's motion in limine. Alternatively, the Court should narrowly limit any restriction to explicit nullification arguments while permitting the defense to introduce relevant evidence of peacefulness, honesty, credibility, and character, and for such other relief the interest of justice so requires.

Respectfully submitted this, the 8th day of September 2025. *BY EMAIL*

*September 11, 2025 By Conventional Filing*

JOSEFINA GABRIEL-LOPEZ and
JENNIFER GARCIA, DEFENDANTS

BY:    /s/ *Michael W. Crosby*

MICHAEL W. CROSBY, MSB 07888
Counsel for Defendants

Michael W. Crosby (Bar No. 7888)
Attorney for Defendant
Law Office of Michael W. Crosby
2111 25th Avenue
Gulfport, MS 39501
Tel: (228) 822-2727
Fax: (228) 865-0337
Email: michaelwcrosby@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to all counsel of *(see below)*

record.

This the 8th day of September 2025. *BY EMAIL*

*September 11, 2025 by conventional filing*

/s/ *Michael W. Crosby*
Michael W. Crosby